Cabell, J.
Two objections are made to this decree. The first is that the court of chancery had no jurisdiction of the case; that if the appellee has any title to the land in controversy, it is a legal title, which ought to be enforced in a court of law.
The validity of this objection depends upon the force of the deed of the 17th of October 1818, executed by Alexander Hughley to Lambert Flowers. If it did not convey the legal title of Charles Hughley, the objection is without foundation.
That deed purports to be a deed “ between Alexander Hughley, attorney in fact for Charles Hughley, of the one part, and Lambert Flowers of the other part.” It witnesseth “ that the said attorney in fact, Alexander Hughley, for and in consideration &c. doth release &c.” and concludes, “ In testimony whereof the said Charles Hughley hath hereunto set his hand and seal.” It is then signed by “ Alexander Hughley,” with a scroll annexed by way of seal.
The legal title to land cannot pass from him who has it, but by his deed. Such deed may be executed by his attorney duly authorized for the purpose. But it must be so executed as to be the deed of the principal. It *162 is not sufficient, therefore, that it shall be executed by the person who was authorized to make it; but it must. be done by him as attorney. For this purpose it is necessary that the attorney shall either sign the name of the principal, with a seal annexed, stating it to be done by him as attorney for the principal; or he may sign his own name, with a seal annexed, stating it to be for the principal. In either of these forms, the deed becomes the deed of the principal; and if every thing else be correct, it conveys the title of the principal. But if the deed be signed and sealed by the attorney, neither in the name of the principal, nor in his own name as attorney for the principal, it is not the deed of the principal. This was decided as early as the 6th year of the reign of queen Elizabeth (Moore’s Rep. 70.) and has been uniformly recognized ever since. ComSes’s case, 9 Co. Rep. 75. 4 Bac. Abr. Leases. I. pl. 10. p. 140. Frontin v. Small, 2 Ld. Raym. 1418. White v. Cuyler, 6 Term Rep. 176. Similar decisions have been made in the courts of Massachusetts and of New York, and also in the supreme court of the United, States. I would refer particularly to the case of Lessee of Clarke et al. v. Courtney et al. 5 Peters 349.
The deed in this case, having been signed and sealed in the individual name of Alexander Hughley, is not the deed of Charles Hughley, and therefore did not convey his title to the land.
But although the deed did not pass the legal title, it is evidence of a contract on the part of Charles Hughley, by his attorney, to convey the land to the appellee, and gives an equitable right to call for the legal title. And as the subsequent conveyance of the land, by ■ Charles Hughley to Martin, was made with full knowledge on the part of Martin of the previous contract with Flowers, it cannot impair the equity of Flowers.
It is contended however, in the second place, that this contract was in violation of the act against conveying *163 or taking pretensed "titles, 1 Rev. Code, ch. 103. p. 375. I cannot think so. Flowers and Hughley, before this contract, held towards each other the relation of vendor and vendee; for Flowers had previously sold the land to Hughley. When Martin set up an adversary claim to a part of the land, under his patent, Flowers apprehended that in case Hughley should lose any portion of the land, an effort would be made to make him liable for it. Thus situated, it was proposed that he should lake back the land, repaying the purchase money, interest and costs, and probably some small amount in addition. These terms were acceded to; and although, in executing them, it became necessary to take a conveyance from Hughley, the transaction was, in substance, a rescission of a former sale, rather than the purchase of a pretensed title. It did not tend to increase or encourage litigation; for, if the purchase had not been rescinded, Hughley would have sued Martin, or Martin would have sued Hughley; in either of which cases Flowers would have been substantially a party, in consequence of his obligation to defend the title of Hughley; and if Martin had been successful in that controversy, it would have been the ground of another suit by Hughley against Floivers. Whereas, under the new arrangement, Flowers became the nominal as well as the substantial party, and one suit terminates the whole controversy.
I am of opinion to affirm the decree.